UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDWARD H. EDGERTON, JR.,

    Plaintiff,

v.

HILLARD, *et al.*,

    Defendants.

Case No. 2:23-cv-00693-APG-NJK

**Order**

[Docket No. 51]

On December 4, 2024, the Court ordered Defendant Hillard to file a supplemental brief addressing why an explanation about non-existent evidence must be provided privately. Docket No. 48 at 1. Defendant has now filed that brief, as well as a motion for leave to submit declaration *ex parte* for *in camera* review.[1] Docket No. 51. Defendant submits that he cannot provide an explanation as to why video footage does not exist to Plaintiff "because doing so would raise serious safety and security concerns for Southern Desert Correctional Center" and thus seeks leave to submit this information in a declaration for *in camera* review. *Id*. However, Defendant provides no explanation as to why *in camera* review is warranted, rather than filing the declaration under seal.

*In camera* review is disfavored and is not a substitute for the adversarial process or for a party's obligation to justify its withholding of documents. *See, e.g., Garcia v. Serv. Empls. Int'l Union*, Case No. 2:17-cv-01340-APG-NJK, 2018 WL 6566563, at *5 (D. Nev. Sept. 6, 2018) (citing *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994) and *Nikita, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998)). To the extent Defendant Hillard seeks to file a document under seal, he must do so with an accompanying motion to seal that complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The Ninth Circuit has held that there is a presumption of public access

---

[1] For each type of relief requested or purpose of the document, a separate document must be filed, and a separate event must be selected for that document. *See* Local Rule IC 2-2(b). In violation of the Local Rules, Defendant filed the supplemental brief and motion for leave as one and failed to select the proper type of "event," which led to the motion being incorrectly docketed.

to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana*, 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. **All motions to seal must address the applicable standard and explain why that standard has been met**.

Further, without obtaining leave from the Court, Deputy Attorney General Victoria Corey handed the declaration to the undersigned's courtroom administrator after an unrelated hearing. Counsel must arrange with Aristides Caytuero to pick up the submission. Mr. Caytuero can be reached at (702) 464-5566.

Accordingly, Defendant's motion for leave to submit declaration *ex parte* for *in camera* review is **DENIED**. Docket No. 51.

IT IS SO ORDERED.

Dated: December 19, 2024

Nancy J. Koppe
United States Magistrate Judge

2