UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD H. EDGERTON, JR.,<br>    Plaintiff,<br>v.<br>HILLARD, *et al.*,<br>    Defendants. | Case No. 2:23-cv-00693-APG-NJK<br>**Order**<br>[Docket No. 44] |

Pending before the Court is Plaintiff's amended motion to compel discovery.[1] Docket No. 44. Defendant Hillard filed a response. Docket No. 46. No reply was filed. *See* Docket. The parties filed supplemental briefing. *See* Docket Nos. 50, 51. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.  BACKGROUND**

This matter arises out of events that took place while Plaintiff was incarcerated at Southern Desert Correctional Center ("SDCC"). Docket No. 14 at 3. Plaintiff alleges that, after leaving work, he entered the gym with another inmate to plug in their MP3 players. *Id*. Plaintiff alleges that Defendant entered the gym, approached Plaintiff, and instructed him to disconnect. *Id*. at 4. Plaintiff alleges that Defendant became agitated, "deployed" his pepper spray, and excessively kicked Plaintiff's ankles and feet to spread his legs apart, which caused Plaintiff to allegedly suffer from chronic foot pain. *Id*. Plaintiff alleges that Defendant did not approach or address the other inmate and, when Plaintiff asked Defendant Hillard why he was singled out, Defendant Hillard responded "it's always your people!" *Id*. Based on these allegations, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 for an Eighth Amendment claim of excessive force and a

---

[1] "Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

Fourteenth Amendment equal protective claim. *Id*. After screening, Plaintiff's Eighth Amendment claim of excessive force was allowed to proceed. Docket No. 3 at 9.

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevance during discovery is broader than relevance at trial. *E.g., F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (concluding that the 2015 amendments to discovery rules did not alter the allocation of burdens). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## III. ANALYSIS

Plaintiff's motion to compel pertains to five requests for production: (1) a request for grievances against Defendant; (2) a request for video footage from the gym entrance door on February 4, 2021; (3) a request for information relating to Defendant's institutional history pertaining to civil suits and grievances; (4) a request for grievances for excessive force during Warden Hutchings' time at SDCC; and (5) a request for Plaintiff's complete medical file. Docket No. 44 at 1-2. The Court will address each request in turn.

A. <u>Grievances against Defendant Hillard</u>

The Court turns to the first disputed request. The text of the request is as follows:

> Request for Production No. 1: Any and All Grievance's [sic] Against ofc [sic] Hillard for Excessive Force in Violation of the 8th Amendment.

Docket No. 44 at 4. Defendant failed to respond to this request, *see* Docket No. 46, so the Court deems this aspect of the motion to be unopposed. *See* Local Rule 7-2(d). Accordingly, Plaintiff's Request for Production No. 1 is granted. Defendant must comply with Plaintiff's request by February 11, 2025.

B. <u>Video Footage</u>

The Court turns to the second disputed request, which reads:

> Request for Production No. 2 – Im [sic] requesting Video Footage from Gym Entrance Door and Kiosk Area, Timestamped 2/04/21 – 10:30am-11am as previously Requested from NDOC which Discovery will prove thru [sic] Exhibits.

Docket No. 44 at 6. Defendant submits that he requested, through his counsel, the video footage and was informed that this footage does not exist. Docket No. 46 at 4. Thus, he cannot be compelled to produce something that does not exist. *Id*. Plaintiff submits that he "requested the preservation of video of ass[au]lt from the very begin[n]ing before litigation even started. While in NDOC grievance process I also requested the video footage…footage to not be available is unacceptable and a policy failure under their administrative regulation 405." Docket No. 44 at 3.

Parties are required to produce electronically stored information that is in their "possession, custody, or control." Rule 34(a)(1). "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or other subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C. D. Cal. 2006) (internal quotations and citations omitted). A reasonable inquiry requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]." *Id*. (quoting *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N. D. Cal. 1987)). "An earmark of a

3

recipient's inadequate inquiry is the obvious absence of documents and other written materials that the recipient reasonably would be expected to have been retained in the ordinary course of its business." *Meeks v. Parsons*, 2009 WL 3003718, *4 (E. D. Cal. Sept.18, 2009) (citing *A. Farber & Partners*, 234 F.R.D. at 189). Where a party asserts that it does not have responsive documents or electronically stored information, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S. D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *See Meeks*, 2009 WL 3003718, *4 (citing *A. Farber & Partners*, 234 F.R.D. at 190).

Defendant requested that, if the Court would like a more detailed explanation of why the footage does not exist, he be provided an opportunity to submit evidence privately to the Court for an *in camera* review. Docket No. 46 at 4. The Court ordered supplemental briefing addressing the issue, as it was unclear why an explanation about non-existent evidence must be provided privately. Docket No. 48 at 1. Defendant submitted that he could not provide an explanation as to why the video footage did not exist to Plaintiff "because doing so would raise serious safety and security concerns for [SDCC]" and thus, sought leave to submit this information in a declaration for *in camera* review. Docket No. 51. The Court denied Defendant's motion as Defendant provided no explanation as to why *in camera* review is warranted, rather than filing the declaration under seal. Docket No. 53 at 1.

Here, Defendant submits only that "upon reasonable inquiry, the requested footage is not available." Docket No. 44 at 6. Defendant provides no information regarding the inquiry undertaken. Defendant has failed to demonstrate that he conducted a reasonable inquiry and exercised due diligence. *See e.g., F.D.I.C. v. 26 Flamingo, LLC*, No. 2:11-CV-01936-JCM, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013). Accordingly, Plaintiff's Request for Production No. 2 is granted. No later than February 11, 2025, Defendant must conduct a reasonable inquiry and exercise due diligence in searching for the video footage. If the video footage does not exist,

Defendant must provide to Plaintiff a declaration describing the efforts undertaken to locate the video footage.[2]

    C. <u>Information Pertaining to Defendants' Institutional History</u>

        Plaintiff's third disputed request reads:

> Request for Production No. 3 – Any and All Information pertaining to said Defendants [sic] Institutional History pertaining to Civil Suits and Grievances.

Docket No. 44 at 7. Defendant submits that this request is over broad *per se* because it is not limited in timeframe or scope, and encompasses information regarding other inmates' grievances against Defendant, which is not reasonably related to the allegations in this case.[3] Docket No. 46-3 at 6. As such, Defendant only provided a response that is reasonably related to the allegations in this case and only for the relevant period. *Id*. Additionally, Defendant objects to this request because it is "irrelevant and disproportional to the needs of the case," and contains confidential information. *Id*. Lastly, Defendant submits that, the phrase "institutional history" is not defined and subject to more than one reasonable interpretation. Docket No. 46-3 at 6. Plaintiff has not clarified the phrase, nor has he submitted an amended request. *See* Docket.

        Accordingly, the Court finds that the request is overbroad as to "any and all information pertaining to…civil suits and grievances" as it does not limit the time period, nor the nature of suit or grievance. The Court also finds that the phrase "institutional history" is vague. Accordingly, Plaintiff's Request for Production No. 3 is denied.

---

[2] The Court is not requesting information as to *why* the video footage allegedly does not exist, nor is it inviting Defendant to reveal information that implicates safety and security concerns. Defendant must demonstrate that he took necessary steps to establish that the footage does not exist. Defendant's declaration must be sufficiently detailed for the Court to determine (if necessary) whether a reasonable inquiry was undertaken.

[3] Defendant's response consists primarily of boilerplate objections and argument, including incorporating by reference his original response to Plaintiff's request for production. *See* Docket No. 44. As a <u>one-time</u> courtesy, the Court will also consider the objections briefed in Defendant's responses to Plaintiff's requests for production. *See* Docket No. 46-3.

5

D. <u>Grievances for Excessive Force During Warden Hitchings' Time at Southern Desert Correctional Center</u>

The Court turns to the fourth disputed request, which reads:

> Request for Production No. 5 – All Grievances for Excessive Force while Warden Hutchings was Warden @ AT SDCC.

Docket No. 44 at 10. Defendant objects to this request because, he submits, the request is overbroad in time and scope. Docket No. 46 at 4. Further, Defendant submits that this information is inadmissible, pursuant to Fed. R. Evid. 404(b), and this information has no tendency to make the existence of a fact more likely than not, and it has no tendency to lead to the discovery of further evidence. *Id.* at 5. To the extent that Defendant is advancing these arguments to urge a finding that the discovery sought is not relevant, the Court is not persuaded. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable").

Plaintiff submits that this information will help show how and why Defendant "was embolden[ed] to violate [his] constitutional rights because of the culture tolerated by Warden Hutchings during his tenure." Docket No. 44 at 2. Here, the evidence sought – inmate grievances for conduct like Plaintiff's allegation of excessive force during his time at SDCC – is of potentially high probative value because it can establish a pattern of conduct, intent, and motive. *See Tate v. Andres*, No. 2:18-cv-0822-KJM-ACP, 2020 WL 1984151, at *3 (E.D. Cal. Apr. 27, 2020) ("[a]lthough instances of misconduct related to other inmates would not directly prove that defendant…used excessive force…sufficient similarities in complaints could potentially demonstrate a pattern of conduct by defendant that would speak to his intent, which is a necessary component to each of the claims ...." ).

Lastly, Defendant submits that this request involves other inmates' institutional records, which Plaintiff, as a current inmate, is not permitted to access under Administrative Regulation 569, and that the request seeks information which are confidential under NAC 284.718 and AR 457.06. Docket No. 44 at 10-11. Federal law controls questions of privilege in federal question

cases such as the instant case. *NLRB v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996). Strong policy considerations underlie this choice of law, as other courts have explained:

> It ... would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities. If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). As a result, state law, including state regulations and administrative codes, does not control the applicability of privilege here. *Hooks v. Bannister*, 2014 WL 6772989, at *6 (D. Nev. Dec. 2, 2014). In contrast to many state law privileges, "[f]ederal law governing privilege has not been codified." *Hooks*, 2014 WL 6772989, at *6. Rather, privileges have been developed at common law. *Id*. (citing Fed. R. Evid. 501). Federal courts recognize a qualified privilege for official information, into which courts incorporate the confidentiality interests embodied in some state law privileges. *Id*. (integrating confidentiality interests reflected in state administrative regulations into official information privilege analysis). For example, "[p]ersonnel files and complaints made against government employees have been considered official information." *Pinder v. Baker*, 2015 WL 540431, at *2 (D. Nev. Feb. 10, 2015) *(citing Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990)). However, "the official information privilege is a qualified one that must be formally asserted and delineated in order to be raised properly." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *6 (E. D. Cal. Sept. 29, 2015) (internal quotation and citations omitted). The party invoking this privilege must make a substantial threshold showing. *Id*. (finding party opposing discovery failed to make the requisite showing). After a party makes this showing, courts must engage in a balancing analysis to determine whether the potential benefits of disclosure outweigh the potential disadvantages. *Pinder*, 2015 WL 540431, at *2. A party claiming that information is privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). In addition to a

privilege log, a party seeking to invoke the official information privilege and prevent disclosure must submit an affidavit from an official of the agency in control of the materials sought that includes the following:

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

*Soto*, 162 F.R.D. at 613 (citations omitted).

Defendant submits that any disciplinary records contained in his or any other NDOC staff member's personnel file are confidential under NAC 284.718,[4] and the requested information lacks probative value. Docket No. 46 at 5. Defendant's probative argument is unpersuasive. Plaintiff asserts that this discovery is "paramo[u]nt" to his claim because he is alleging excessive force by Defendant. Docket No. 44 at 1. Further, as discussed above, federal law governs privilege issues in § 1983 cases brought in federal court. The Court has already found that to hold otherwise would be contrary to law and would undermine the purpose behind § 1983. *Santos v. Baca*, 2015 WL 7307054, at *3 (D. Nev. Nov. 17, 2015). *See also Manley*, 2013 WL 5592328, at *11 (D. Nev. Oct. 9, 2013); *Cross v. Jaeger*, 2015 WL 1412845, at *4 (D. Nev. Mar. 27, 2015); *Pinder*, 2015 WL 540431, at *2 (D. Nev. Feb. 10, 2015). Here, Defendant fails to make the requisite substantial threshold showing.

However, the Court agrees that Plaintiff's request is overbroad as it relates to time. The Court concludes that the request for production should be limited to the time frame of 2018-2021. The Court, therefore, amends the request for production such that it seeks grievances for excessive force while Warden Hutchings was Warden from 2018-2021. Accordingly, Plaintiff's Request for

---

[4] The case that Defendant cites for the proposition that the files are confidential does not, in fact, make that holding. *See Manley v. Zimmer,* 2013 WL 5592328 (D. Nev. Oct. 9, 2013). The Court expects parties to cite accurate law. Failure to do so in the future may result in sanctions.

Production No. 5 is granted in part and denied in part. Defendant must determine whether redactions are necessary, as was done in *Manley*, no later than February 3, 2025. If Defendant believes redactions are necessary, he must meet and confer with Plaintiff no later than February 5, 2025. If the parties cannot agree as to the necessity of redactions, a proper motion must be filed no later than February 7, 2025. If no redactions are necessary, Defendant must provide responsive documents to Plaintiff no later than February 11, 2025.

E. <u>Plaintiff's Complete Medical File</u>

Lastly, the Court turns to the final disputed request, which is as follows:

> Request for Production No. 6 – My, Edward Edgerton [] complete Medical File.

Docket No. 44 at 11. Plaintiff submits that, on November 18, 2024, he was allowed to review copies of his medical file for one hour. Docket No. 50 at 1. Plaintiff took notes on his file and was not allowed to make copies but was offered to send the complete file to an emergency contact through a HIPPA release form. *Id*. Accordingly, as Plaintiff was provided access to his medical file and a way to obtain copies, Plaintiff's Request for Production No. 6 is denied.

**IV.   CONCLUSION**

Accordingly, Plaintiff's motion to compel is **GRANTED** in part and **DENIED** in part, as set out above for each request. Docket No. 44.

IT IS SO ORDERED.

Dated: January 29, 2025

_____<br>
Nancy J. Koppe<br>
United States Magistrate Judge